UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 20-14220-CIV-CANNON/Maynard

**ADRIAN MOJICA-MORALES**,

    Plaintiff,

v.

**CHAD WOLF, acting Secretary of the U.S. Department
Of Homeland Security, et al.**,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** came before the Court upon Defendants' Motion to Dismiss [ECF No. 7] (the "Motion"), filed on September 25, 2020. The Court has reviewed the Motion, the Response in Opposition filed by Plaintiff Adrian Mojica-Morales ("Plaintiff") [ECF No. 8], Defendants' Reply [ECF No. 9], and the full record in this case. For the reasons set forth below, Defendants' Motion to Dismiss [ECF No. 7] is **GRANTED**.

Plaintiff seeks the following relief in his complaint: (1) a declaration that Defendants' decision to terminate Plaintiff's status under the Deferred Action for Childhood Arrivals program (DACA) was arbitrary and capricious in violation of the Administrative Procedure Act (APA), *see* 5 U.S.C. § 706(2)(A); (2) a court order vacating the Termination Notice issued to Plaintiff and restoring Plaintiff's DACA status; and (3) an Order enjoining Defendants from making future attempts to terminate Plaintiff's DACA status [ECF No. 1 ¶34 (prayer for relief paragraphs a-c)].

Plaintiff's complaint must be dismissed for want of subject matter jurisdiction. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) ("The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim."). Plaintiff bases his claims against Defendants under the APA [ECF No. 1 ¶31], but a claim under the APA, standing alone, does not confer jurisdiction upon the Court to review an agency determination.

CASE NO. 20-14220-CIV-CANNON/Maynard

*See Califano v. Sanders*, 430 U.S. 99, 107 (1977) ("[T]he APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action."). Plaintiff also cites the Declaratory Judgment Act [ECF No. 1 ¶12], *see* 28 U.S.C. §§ 2201 and 2202, but a claim under that statute cannot serve as an independent basis for federal subject matter jurisdiction either. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). The Court therefore lacks subject matter jurisdiction over Plaintiff's claims.

Plaintiff's claims also are barred under the doctrine of collateral estoppel. On June 23, 2020, Morales filed an action in this district challenging the identical agency action he seeks to challenge here—i.e., the termination of his DACA status issued by United States Citizenship and Immigration Services and the subsequent initiation of removal proceedings by the Department of Homeland Security. *See Adrian Mojica-Morales v. Chad Wolf, et al.*, Case No. 20-CV-14206-ROSENBERG, Complaint for Declaratory and Injunctive Relief (ECF No. 1). On June 30, 2020, Judge Rosenberg dismissed the complaint for lack of subject matter jurisdiction for the same reason this Court dismisses here—there is no basis for exercising federal subject matter jurisdiction over Plaintiff's claims under the APA or the Declaratory Judgment Act. *Id.* (ECF No. 6).

"To claim the benefit of collateral estoppel the party relying on the doctrine must show that: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding." *Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000); *see also Irvin v. United States*, 335 F. App'x 821, 823 (11th Cir. 2009).

All of the requisite elements of the collateral estoppel doctrine are satisfied. It is well settled that collateral estoppel applies to the issue of subject matter jurisdiction, and Judge Rosenberg's prior ruling was exactly that—a final judgment concerning whether the court could

CASE NO. 20-14220-CIV-CANNON/Maynard

exercise subject matter jurisdiction over Plaintiff's claims based solely on the APA and/or the Declaratory Judgment Act. *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it."); *N. Georgia Elec. Membership Corp. v. City of Calhoun, Ga.*, 989 F.2d 429, 432–33 (11th Cir. 1993) (applying collateral estoppel to issues of subject matter jurisdiction); *Grand Metro. P.L.C. v. Butterworth*, No. CIV.A. 88-40317WS, 1988 WL 1045191, at *2 (N.D. Fla. Nov. 28, 1988). The jurisdictional deficiencies present here are identical to the ones present in the previous case, and nothing in Plaintiff's latest complaint cures those jurisdictional defects. Nor is there any material difference between the order Plaintiff sought to challenge in the prior case and the order he seeks to challenge now. Accordingly, the doctrine of collateral estoppel operates as an additional bar against Plaintiff's claims.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [ECF No. 7] is **GRANTED**.
2. Plaintiff's Complaint [ECF No. 1] is **DISMISSED FOR LACK OF JURISDICTION**.
3. The Clerk of the Court is directed to **CLOSE** this case.
4. All deadlines are **TERMINATED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Pierce, this 11th day of February 2021.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record